IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARET AND HOWARD JONES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.  05 C 5206 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| MARRIOTT HOTEL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MARRIOTT HOTEL SERVICES, INC. | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TEE JAY SERVICE COMPANY, | ) | |
| | ) | |
| Third Party Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Margaret and Howard Jones filed a two-count complaint against defendant Marriott Services, Inc. ("Marriott") for negligence and loss of consortium after Margaret Jones was injured in a Marriott hotel. The complaint was removed to this court on the basis of diversity jurisdiction. Defendant/third party plaintiff Marriott then filed a three-count complaint for contribution against third party defendant Tee Jay Service Company ("Tee Jay"), alleging: 1) negligence; 2) implied indemnification; and 3) breach of contract. Third party defendant Tee Jay moved to dismiss Count II of third party plaintiff Marriott's complaint for contribution. For the reasons discussed below, the court denies third party defendant's motion to dismiss.

# FACTS[1]

On or about January 8, 2004, plaintiff Margaret Jones ("Margaret") was a guest of defendant Marriott's hotel located at 540 North Michigan Avenue, Chicago, Illinois. Margaret claimed that as she walked through the automatic revolving door at the entrance to the hotel, the door knocked her down, causing substantial and permanent injuries. Plaintiffs Margaret and Howard Jones ("Howard"), who are husband and wife, filed a two-count claim against defendant Marriott. Count I alleges negligence on the part of Marriott by failing to: 1) properly inspect, repair and maintain the automatic revolving doors; 2) properly and adequately supervise and inspect the hotel so as to prevent the development of dangerous and unsafe conditions on the premises; and 3) inform and warn plaintiffs and other persons entering the premises of dangerous and unsafe conditions. Count II alleges Howard's loss of consortium and society of his wife. Defendant Marriott filed an answer to the complaint denying all allegations of negligent conduct.

Defendant/third party plaintiff Marriott then filed a three-count complaint for contribution against third party defendant Tee Jay, the party responsible for providing service, maintenance, inspection and repair services for the revolving doors located at the hotel. Count I alleges negligence on the part of Tee Jay because it: 1) carelessly and negligently failed to adequately inspect and maintain the revolving door in question; 2) carelessly and negligently failed to properly service the door; 3) carelessly and negligently failed to repair the door; 4) carelessly and negligently failed to warn of any potential problems associated with the door; and

---

[1]For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996). In this case, the court draws all reasonable inferences in favor of the third party plaintiff.

5) was otherwise careless and negligent. Count II, discussed below, alleges that Tee Jay provided maintenance, inspection, service and repair for third party plaintiff's revolving doors pursuant to an oral contract that gave rise to a pretort relationship. Count II also alleges Marriott's entitlement to indemnification because of Tee Jays's failure to complete its work in a reasonably workmanlike way. Finally, Count III alleges breach of contract by Tee Jays's failure to obtain insurance coverage in connection with the maintenance and repair of the revolving doors. Such an insurance policy would have provided coverage to Marriott in the event that a claim was brought against the corporation in connection with the work performed by Tee Jay. Tee Jay filed an answer to the third party complaint denying all allegations in Count I and III, and a motion to dismiss Count II.

## **DISCUSSION**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Szumny v. Am. Gen. Fin., Inc., 246 F.3d 1065, 1067 (7th Cir. 2001).

As discussed above, Count II of the third party complaint alleges implied indemnification of Marriott by Tee Jay based on a pre-tort relationship arising from an oral contract. Third party defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Marriott failed to

state a cause of action for implied indemnification because it did not allege a quasi-contractual relationship as required under Illinois law.

This matter is governed by the Illinois Contribution Among Joint Tortfeasors Act, Il. St. Ch. 740 100/1 et seq. Illinois courts have held that the statute permits claims for implied indemnity based on a contractual or quasi-contractual relationship between parties. See, e.g., Frazer v. A.F. Munsterman, Inc., 123 Ill. 2d 245, 255 (1988). For a party "to have the right to indemnity there must have been a pretort relationship" between the parties. Id.

Tee Jay maintains that Marriott failed to allege a quasi-contractual relationship. What Tee Jay fails to recognize, however, is that Marriott may state a claim by alleging an actual contractual relationship, not merely a quasi-contractual one. Id. Marriott has clearly alleged a contractual relationship between the parties based on an oral contract, as well as a pretort relationship between the parties. Finally, Marriott alleges that it is not itself negligent, but is liable to plaintiffs only through acts or omissions of Tee Jay. Marriott has therefore properly stated a claim for implied indemnity.

## CONCLUSION

For the reasons stated above, third party defendant's motion to dismiss Count II of third party plaintiff's complaint is denied. Third party defendant is directed to answer Count II of the complaint on or before November 9, 2006. This matter is set for a report on status November 28, 2006, at 9:00 a.m.

**ENTER: October 19, 2006**

_____
Robert W. Gettleman
United States District Judge