# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARGARET AND HOWARD JONES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MARRIOTT HOTEL SERVICES, INC., ) <br> A Delaware Corporation, ) <br> ) <br> Defendant, ) <br> ----------------------------------------------------------- ) <br> ) <br> MARRIOTT HOTEL SERVICES, INC., ) <br> A Delaware Corporation, ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TEE JAY SERVICES, INC. ) <br> ) <br> Third-Party Defendant. ) | CASE NO.: 05-CV-5206 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Margaret and Howard Jones brought this action against Defendant Marriott Hotel Services, Inc. ("Marriott") claiming negligence and loss of consortium as a result of an injury that Plaintiff Margaret Jones allegedly sustained after exiting through an automatic revolving door at the Chicago Downtown Marriott Hotel. Marriott later filed a three-count third party complaint for contribution against Tee-Jay Service Co., alleging negligence, implied indemnification and breach of contract. See [29]. Third-party defendant Tee-Jay Service, Co. ("Tee Jay") moved for summary judgment on all three counts. Shortly after the briefing on Tee Jay's motion was complete, Plaintiffs filed an amended complaint in which they set forth a revised theory of their negligence claim. Significantly for present purposes, the amended

complaint omitted the allegations that gave rise to at least some, if not all, of Marriott's third party claims against Tee Jay. In particular, the amended complaint is devoid of any reference to allegedly improper inspection, repair, service, or maintenance of the automatic revolving door. As explained below, the filing of the amended complaint raises significant questions concerning the continued viability of Marriott's third-party complaint and the appropriate disposition of Tee Jay's motion for summary judgment as to which the Court respectfully requests the views of the parties.

**I.     Background**

As an initial matter, the Court sets out the procedural background in this case as it relates to Tee Jay's motion for summary judgment. Marriott removed Plaintiffs' initial complaint to this Court from the Circuit Court of Cook County on September 12, 2005. See [1]. In their initial complaint, Plaintiffs alleged two counts: negligence and loss of consortium. In Count I for negligence entitled "premises liability," Plaintiffs asserted that "Marriott . . . negligently maintained the subject matter of the premises including, but not limited to one or more of the following particulars: (a) Failed to properly inspect the 'automatic' revolving doors and/or door operating systems at the entrance to the hotel; (b) Failed to properly repair the 'automatic' revolving doors and/or door operating systems at the entrance to the hotel; (c) Failed to properly maintain the 'automatic' revolving doors and/or door operating systems in a safe condition for guests and customers; (d) Failed to properly and adequately supervise and inspect the hotel so as to prevent the development of dangerous and unsafe conditions; and (e) Failed to inform and warn plaintiffs and other person coming upon the premises of damage and unsafe conditions then and there existing." Complaint ¶ 7.

In its answer filed on September 16, 2005, Marriott denied all substantive allegations in the complaint. See [6]. On June 30, 2006, Marriott filed a third-party complaint against Tee Jay. See [29]. In that third-party complaint, Marriott alleged that: (1) Tee Jay owed a duty to exercise reasonable care and caution in the service, maintenance, inspection, and repair of the automatic revolving door, and that if it were found that Plaintiffs' injuries were caused by an unsafe condition in the door or that any maintenance, repair, service, inspection, or warning issued associated with the door itself, then Marriott would be entitled to contribution from Tee Jay for related negligence in maintaining and inspecting the door, among other allegations; (2) a pre-tort relationship existed between Marriott and Tee Jay and Tee Jay had orally agreed to perform and in fact did perform all maintenance, repair, service and inspection of the automatic revolving door, and thus Marriott is entitled to indemnification from Tee Jay for any failure to complete its work in a reasonable workmanlike manner; and (3) Tee Jay failed to secure the appropriate insurance for work related to the automatic revolving door, and therefore breached its oral promise to Marriott to do so. *Id.* Tee Jay denied the substantive allegations in Marriott's third-party complaint on September 5, 2006. See [40], T.J. Answer.

On June 29, 2007, Marriott filed a motion for summary judgment on Plaintiffs' claims. See [70]. Neither Marriott nor Tee Jay pursued summary judgment on Marriott's third-party claims against Tee Jay at that time. Judge Gettleman, to whom this case was then assigned, denied Marriott's motion for summary judgment in a memorandum opinion and order on November 26, 2007. See [88] ("Order"). In that opinion, Judge Gettleman summarized Plaintiffs' allegations of negligence as follows: (1) failure to properly inspect, repair and maintain the automatic revolving doors; (2) failure to properly and adequately supervise and inspect the hotel so as to prevent the development of dangerous and unsafe conditions on the

premises; and (3) failure to inform and warn Plaintiffs and other persons entering the premises of dangerous and unsafe conditions. Order at 5. The Court noted, however, that "*Plaintiffs have abandoned the first argument that Marriott failed to properly inspect, repair, and maintain the automatic door.* Rather, in their briefs, they focus on Marriott's failure to properly and adequately supervise the hotel so as to prevent the development of dangerous and unsafe conditions." *Id.* n.1 (emphasis added). The Court later remarked that Plaintiffs' "theory differs somewhat from the negligence theory stated in the complaint, which is based primarily on failure to inspect and repair the door. During discovery, however, the parties recognized that the claim was based on the fact that Margaret's compelled use of the automatic revolving door caused her injuries. Although plaintiffs should have sought leave to amend their complaint to allege this revision in theory, defendant was not prejudiced by such failure, and the court will allow such an amendment." *Id.* at 10 n. 4.

In denying Marriott's motion, Judge Gettleman found that a genuine issue of fact existed as to whether "alternate exits were reasonable alternatives and whether the revolving door presented an unsafe and dangerous condition. These questions turn on differing interpretations of the facts and require a weighing of the evidence by the trier of fact." *Id.* at 11. The Court did not address the merits of Plaintiffs' "failure to properly inspect, repair, and maintain" claim that it believed had been "abandoned."

Tee Jay filed the motion for summary judgment currently pending before this Court on January 9, 2008. See [98]. With respect to Marriott's first two counts, Tee Jay argues that Plaintiffs' alleged accident did not arise out of Tee Jay's work as a matter of law because the evidence demonstrates that the automatic revolving door at issue functioned properly at the time of Plaintiff Margaret Jones' accident, and "as such, the accident did not arise out of any

4

malfunction of the door or Tee Jay's work upon the door prior to the occurrence." *Id.* at 4. With respect to Count III, Tee Jay asserts that the evidence shows it complied with the terms of its oral contract to Marriott to procure the requisite insurance coverage. In the alternative, Tee Jay argues that if the Court determines that Tee Jay did not procure the insurance, Marriott waived its claim for breach of contract under Count III because Marriott accepted Tee Jay's certificate of insurance and allowed Tee Jay to work on the premises. *Id.* at 11.

In its opposition to Tee Jay's motion for summary judgment, Marriott agrees with Tee Jay that "the record is devoid of any evidence demonstrating that Ms. Jones' accident was caused by a malfunction or defect in the operation of the door." [107], Mar. Resp. at 3. Marriott notes, however, that despite making this very same argument in its motion for summary judgment on Plaintiffs' negligence claim, Judge Gettleman denied summary judgment for Marriott. Accordingly, Marriott has raised the concern that Plaintiffs still may pursue a theory of improper inspection, maintenance, service, and repair, notwithstanding Judge Gettleman's observation that Plaintiffs appeared to have "abandoned" that argument and should have filed an amended complaint to effectuate their revised negligence theory. *Id.* Finally, Marriott asserts that unless this Court reconsiders or clarifies the previous summary judgment order, Tee Jay cannot be dismissed from the case because Plaintiffs would not be barred from raising the underlying allegations of negligence related to improper inspection, maintenance, service, and repair at trial. See *id.* at 4. In addition, Marriott argues that Tee Jay should not be granted summary judgment on Count III for breach of contract because (i) there is a genuine issue of fact as to whether Tee Jay procured the proper insurance coverage for Marriott related to the automatic revolving door[1]

---

[1] In fact, Marriott believes the evidence supports its position that Tee Jay breached the terms of their oral contract although Marriott did not move for summary judgment on that issue.

5

and (ii) as a matter of law, Marriott has not waived its right to enforce the contract. Mar. Resp. at 8-10.

After the initial status hearing following the transfer of the case to this Court's initial docket and the Court's review of the case file, this Court issued a minute order on February 5, 2008. In that order, the Court stated that in light of Judge Gettleman's comments in the order denying summary judgment, Plaintiffs would be given leave to file an amended complaint that reflected the revised theory of negligence discussed in the summary judgment briefing and Judge Gettleman's Order denying summary judgment. See [92].

Plaintiffs filed an amended complaint on February 29, 2008 – less than a week after Tee Jay filed its reply brief in support of its motion for summary judgment on Marriott's third-party claims. See [112]. Plaintiffs' amended complaint reflects their revised theory of negligence, and alleges, in relevant part, that Plaintiff Jones sustained substantial and permanent injuries due to fact that Marriott: (1) failed to provide a safe means of exiting the hotel; (2) failed to comply with the Illinois Accessibility Code requiring alternate exits; (3) negligently posted signs prohibiting the use of the only exits other than the automatic revolving door; (4) failed to anticipate that handicapped guests would be required to use the automatic revolving doors due to the signs prohibiting the use of the only alternate exits as "emergency use only"; (5) failed to properly and adequately supervise and inspect the hotel so as to prevent dangerous and unsafe conditions on the premises; and (6) failed to inform and warn Plaintiffs and other persons on the premises of the dangerous and unsafe condition. Am. Complaint ¶ 21. Notably absent from the allegations is any reference to improper inspection, repair, or maintenance of the automatic revolving door, the basis for most, if not all, of Marriott's third-party complaint against Tee Jay.

Marriott denied the substantive allegations in Plaintiffs' amended complaint. See [116], Mar. Am. Answer.

**II. Analysis**

For the reasons set forth below, the Court believes that Plaintiffs' amended complaint may moot some or all of the claims asserted in Marriott's third-party complaint against Tee Jay and, correspondingly, may preclude a determination by this Court on the merits of Tee Jay's pending motion for summary judgment as to those claims.

A. <u>Marriott's Indemnity and Contribution Counts</u>

Marriott acknowledges that (at least) Counts I and II of its third-party complaint against Tee Jay are premised on allegations in Plaintiffs' original complaint that Marriott failed to properly inspect, maintain, and repair the automatic revolving door. See [107] Mar. Resp. at 2, 5. Marriott specifically states that "[b]ased on the allegations made in Plaintiffs' [original] Complaint that the injuries of Margaret Jones were suffered as a result of the improper maintenance, repair, and inspection of the subject revolving door, and based on the fact that Tee Jay was specifically hired by Marriott to inspect, repair, and maintain the door in the days prior to the alleged accident, Marriott filed its Third Party Complaint against Tee Jay seeking contribution, indemnity and seeking to recover for breach of contract for Tee Jay's failure to procure insurance covering Marriott for the alleged accident." *Id.* at 2; see also *id.* at 5 ("Marriott's Indemnity Count, like its contribution Count, is based on allegations made by Plaintiffs that their injuries and damages arise out of an alleged unsafe condition of the door caused by improper maintenance, repair, service, inspection and warnings"). Both Marriott and Tee Jay agree that Plaintiffs' now-withdrawn allegations with respect to any negligence related to the improper maintenance, repair, service, and inspection regarding the functioning of the

automatic revolving door were baseless. See Mar. Resp. at 3 ("Marriott concurs with Tee Jay's position" that "the record is devoid of any evidence demonstrating that Ms. Jones' accident was caused by a malfunction or defect in the operation of the door").

At the time that he issued his summary judgment ruling, Judge Gettleman observed that Plaintiffs had "abandoned" their "failure to inspect, maintain, and repair" claims and suggested that Plaintiffs consider amending their pleadings to conform to the theories of the case that they actually were pursing. Order at 5 n.1, 10 n.4. But, as of the time that Marriott submitted its opposition to Tee Jay's summary judgment motion, Marriott technically was correct in asserting "Plaintiffs' allegations that Marriott failed to properly inspect, maintain, and repair the subject revolving door remain pled against Marriott and constitute the issues in this case at this time." Mar. Resp. at 3.

In its brief in opposition to Tee Jay's motion for summary judgment, Marriott insisted that even if Plaintiffs amended their complaint to drop the claim that "the door was improperly repaired, maintained or inspected," summary judgment still must be entered against Plaintiffs "so as to prevent them from ever asserting such claims," and in the absence of such an order, "summary judgment against Marriott on its Contribution and Indemnity claims must not be entered." Mar. Resp. at 4 n.1; see also *id*. at 13 ("As long as Plaintiff is not legally foreclosed from claiming that the door was defective, improperly maintained, improperly inspected, or improperly repaired, Illinois law requires that Marriott be allowed to maintain its contribution and indemnity actions. This remains true even if Plaintiffs accept this Court's recent invitation to amend their Complaint and 'abandon' the allegations of the current Complaint, as simply removing the allegations that the door was operating in a defective manner does not prevent Plaintiffs from raising the issue at trial and/or re-pleading yet again.").

While briefing on Tee Jay's summary judgment motion was in progress, this Court issued a minute order [103] inviting Plaintiffs to file an amended complaint to conform their operative pleading to their current theory of the case. The Court stated that if Plaintiffs declined the invitation, the Court would not entertain any further requests to amend the complaint. *Id*. Plaintiffs took up the Court's suggestion, filing an amended complaint [112] that omitted the allegations and causes of action that Judge Gettleman felt had been abandoned in any event and that formed the basis for Marriott's third-party complaint against Tee Jay in the first instance. "An amended complaint ordinarily supersedes the prior pleading," which "is in effect withdrawn as to all matters not restated in the amended pleading and becomes functus officio." *188 LLC v. Trinity Indus.*, *Inc.*, 300 F.3d 730, 736 (7th Cir. 2002) (citing *Nisbet v. Van Tuyl*, 224 F.2d 66, 71 (7th Cir. 1955).

Plaintiffs' amended complaint, filed *after* briefing was complete on Tee Jay's motion for summary judgment, became "the governing document" and allegations, parties, claims, or causes of action that were included in the original complaint, but omitted from the amended complaint, "fell by the wayside." *Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1999) (citations omitted). Ample authority exists for the proposition that "[c]laims in the original complaint which are not re-alleged in the amended complaint are no longer before the court and are deemed waived." *Rasidescu v. Midland Credit Management, Inc.*, 435 F. Supp. 2d 1090, 1101 (S.D. Cal. 2006) (quoting *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); see also *Resnick v. Copyright Clearance Center, Inc.*, 422 F. Supp. 2d 252, 259 (D. Mass. 2006) (holding that the plaintiff "expressly abandoned" a claim alleged in the original complaint by "filing an amended complaint" that omitted such claim); *Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)) (noting that "all causes of action

alleged in an original complaint which are not alleged in an amended complaint are waived"). Thus, the underlying allegations of negligence by Plaintiffs relating to improper maintenance, repair, service or inspection of the automatic revolving door no longer form a potential basis for negligence liability in this case. In other words, the foundation for Marriott's third-party complaint against Tee Jay, at least with respect to Counts I and II, appears to have fallen "by the wayside." *Carver*, 169 F.3d at 472.

Furthermore, Illinois law makes clear that "[a]ctions for indemnity and contribution are, by their very nature, contingent claims; each is contingent on the party seeking the relief first having been found liable in tort to the plaintiff in the underlying action." *Patch v. Glover*, 248 Ill. App. 3d 562, 570 (1st Dist. 1993). By virtue of their amended complaint, Plaintiffs eliminated the factual and legal allegations underlying Marriott's indemnity and contribution claims against Tee Jay. See Mar. Resp. at 2 ("Based on the allegations made in Plaintiffs' Complaint that the injuries of Margaret Jones were suffered as a result of improper maintenance, repair, and inspection of the subject revolving door * * * Marriott filed its Third Party Complaint against Tee Jay seeking contribution, indemnity and seeking to recover for breach of contract * * *"). Because Marriott's contribution and indemnity claims are contingent upon a finding of liability on the part of Marriott in Plaintiff's underlying case that no longer is possible, Plaintiff's amended complaint appears to have mooted any basis for Marriott's indemnity and contribution claims brought against Tee Jay in Counts I and II of the third-party complaint.

To be sure, Marriott's concern that Plaintiff may attempt to revive its "abandoned" claims at a later time is understandable. Some courts have held that by omitting previously asserted claims in an amended complaint, a party has not necessarily "permanently waived its right to assert the omitted claims from future amended complaints." *Dawkins v. Williams*, 514 F. Supp.

10

2d 267, 273 (N.D.N.Y. 2007). However, that concern is unfounded in the circumstances of this case, which now has been pending for three years and in which a trial date has been set. Both of the judges who have been assigned to this matter have recognized the dissonance between Plaintiffs' original complaint and their actual theory of the case as it has evolved over the course of discovery and briefing on dispositive motions. In giving Plaintiffs an opportunity to amend their pleadings to conform to the likely evidence at trial, the Court endeavored to simplify even further what Judge Gettleman felt already was a fairly straightforward case. And by advising Plaintiffs that they would be given leave to amend their pleadings only until the end of February 2008, the Court signaled in no uncertain terms that the time had come for the parties to lock in their claims for trial.

In view of Judge Gettleman's summary judgment opinion and order, this Court's February 5, 2008 minute order, Plaintiffs' subsequent conscious decision to amend their complaint on February 29, 2008, and the November 2008 trial date, the Court comfortably concludes that Plaintiffs intended to formally abandon the claims that gave rise to Marriott's third-party claim. See *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998) ("[u]ltimately, the question of abandonment is one of intent") (abrogated on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). And given all of those circumstances, the Court will reject any effort by Plaintiffs to resurrect those now-abandoned claims either by "raising the issue at trial and/or re-pleading yet again," which should allay Marriott's concerns. Mar. Resp. at 13. Although the federal courts apply a liberal pleading standard, "undue delay" and "undue prejudice to the opposing party" are long-recognized and frequently invoked reasons for denying leave to amend a complaint (*Kennedy v. Mendoza-Martinez*, 371 U.S. 178, 182 (1963)), and both would provide ample basis for a denial in this instance. Furthermore, at this

stage any testimony at trial in support of an abandoned theory of recovery would be irrelevant and inadmissible.

Accordingly, the Court finds as follows: First, Plaintiffs' underlying allegations related to improper inspection, maintenance, service, and repair of the automatic revolving door (and that gave rise to Counts I and II of the third-party complaint) have been withdrawn by Plaintiffs and are deemed to be abandoned and waived. The Court will reject any efforts by Plaintiffs to revive those allegations. Second, because those allegations no longer exist as part of Plaintiffs' negligence claim and cannot be revived, the underlying basis for Marriott's contribution and indemnity claims (and perhaps all of its third-party claims) may no longer exist and, correspondingly, the Court may be precluded from ruling on Tee Jay's motion for summary judgment. As set forth below, the Court requests the assistance of the parties in determining the proper disposition of Marriott's third-party complaint and Tee Jay's motion for summary judgment.

B. Marriott's Breach of Contract Claim

A separate, though related question remains as to whether Marriott may still pursue the breach of contract claim against Tee Jay asserted in Count III of Marriott's third-party complaint. Count III appears distinguishable from Counts I and II because Count III is not dependent on a finding of liability against Marriott on the now-abandoned allegations by Plaintiffs. Nevertheless, it is not clear whether Fed. R. Civ. P. 14 would permit Marriott to pursue Count III given that Plaintiffs' claim for negligence based on improper maintenance, repair, inspection, and service of the automatic revolving door may have been a linchpin for asserting a third-party breach of contract claim, at least in this lawsuit. On that issue, too, the Court requests further input from the parties, as set forth below.

**III.    Conclusion**

In light of the foregoing analysis, the Court respectfully requests that Marriott submit a supplemental filing by 8/4/08 advising the Court whether it wishes to voluntarily dismiss some or all of the claims asserted in its third-party complaint.  To the extent that Marriott still wishes to pursue one or more of its third-party claims, the Court requests that Marriott file a short memorandum by 8/4/08 outlining its position on why any such claims remain viable.  To the extent that Marriott signals its desire to proceed on one or more of its third-party claims, Tee Jay is given until 8/11/08 to respond to Marriott's supplemental filing.  A separate minute order will issue resetting the due dates for the filing of the final pre-trial order and motions in limine.

Dated:  July 25, 2008                              _____
                                                                        Robert M. Dow, Jr.
                                                                        United States District Judge